[No. 30062.   Department One.   April 10, 1947.]

A. J. GOERIG et al., *Respondents,* v. E. W. ELLIOTT et al.,
*Appellants.*[1]

[1]Reported in 179 P. (2d) 320.

*Byers, Westberg & James,* for appellants.

*DuPuis & Ferguson* and *Lewis S. Armstrong,* for respondents.

MILLARD, J.—Plaintiffs on two causes of action seek recovery against defendants for alleged overpayments for machinery. In their first cause of action, plaintiffs alleged that they agreed to purchase from defendants certain items of machinery at the applicable office of price administration ceiling prices, and that defendants made false representations to plaintiffs as to what the ceiling prices were; that plaintiffs relied upon those representations and made payments to defendants accordingly, which payments were in excess of the agreed prices which were the office of price administration ceiling prices.

In their second cause of action, which was based upon the same transactions, plaintiffs alleged that the representations made by defendants were knowingly false, and that plaintiffs justifiably relied upon such representations and paid defendants the amounts asked, which were in excess of the office of price administration ceiling prices.

By their answer, defendants denied the allegations of the complaint and affirmatively alleged that the amounts paid by plaintiffs to defendants represented the amounts agreed to be paid, and that all statements of fact made by defendants were true.

The cause was tried to the court, which found that in March, April, and August of 1944, plaintiffs and defendants entered into contracts for the sale of certain machinery by defendants to plaintiffs at the ceiling, or maximum prices established by the office of price administration for the sale of said equipment; that, in reliance upon the representations of defendants that the prices submitted by them were the maximum prices established by the office of price administration, plaintiffs paid to the defendants the amounts represented by defendants to be the maximum prices.

The court further found that, by reason of the representations made by defendants, which were known by defendants to be false, plaintiffs, relying on those misrepresentations, paid to defendants sums of money in excess of the ceiling prices for the sale of the equipment. The ceiling prices were not known to plaintiffs but were readily as-

certainable by defendants from information in their possession.

Concluding that plaintiffs had agreed to pay and that defendants had agreed to receive no more than the office of price administration ceiling prices for the various items of machinery, the trial court entered judgment in favor of plaintiffs against defendants for the amount paid by plaintiffs to defendants in excess of the prices agreed to be paid, which prices also exceeded the prices established in accordance with the office of price administration regulations. Defendants appealed.

Appellants contend that the evidence does not support the finding that respondents paid prices in excess of OPA ceiling prices.

It is undisputed that appellants, in the course of the negotiations which were a part of the various agreements of sale, agreed that the OPA ceiling prices were all they desired to receive for the machinery they sold to respondents. The various bills of sale contained the provision that the machinery was sold with the guarantee provided in OPA regulations governing sale of such machinery. There is also substantial evidence that appellants represented to respondents that the prices they were asking were the OPA ceiling prices.

It is conceded that the OPA regulations applicable to the transactions provided that, in sales of secondhand machinery of the nature involved in this action, ceiling prices should be determined by computing a designated percentage of the list price of similar items when sold as new machinery. Appellants insist that the prices should be computed—they so computed the prices—on the basis of such new machinery list prices as delivered in Seattle. Respondents contend that the OPA regulations required that the prices be computed on the basis of the list prices f.o.b. the factory.

The applicable regulations will be found in office of price administration price regulations No. 136. Section 1390.11 of that instrument establishes the method of determining the maximum price to be charged for second-

hand machinery. ·Appellants unsoundly argue that § 1390.5 of the regulations—that the maximum prices shall be ascertained from published price lists and established · prices—is controlling. There is no such relationship between § 1390.5 and § 1390.11 for which appellants contend. Section 1390.5 relates to new machinery only and specifically provides that it is not applicable to the sale of secondhand machinery or parts.

Section 1390.11 is the applicable section. It does not require interpretation by reference to other sections, particularly not to a section having to do solely with new machinery. It provides the method for determining the price of secondhand machinery sold on a guaranteed basis. With the exception of three pieces of machinery sold to respondents, all of the items involved were secondhand and were sold on a guaranteed basis. The pertinent portions of the section read as follows:

"§ 1390.11. Maximum prices; sales of second-hand machines and parts—(a) Definitions. For the purpose of this section

"(1) A 'second-hand machine or part' is any machine or part which has previously been used.

"(2) A 'rebuilt and guaranteed' machine or part is a machine or part (i) in which all worn or missing components which should have been replaced or repaired for satisfactory operation, have been replaced or repaired, (ii) which carries a binding written guaranty of satisfactory operation for a period of not less than 60 days, and (iii) which is expressly invoiced as a rebuilt and guaranteed machine or part or its equivalent. . . .

"(3) The 'new base price', except as provided in paragraph (e) below, means the highest maximum price established by this or any other regulation issued by the Office of Price Administration to any class of purchasers for the nearest equivalent new machine or part, f.o.b. manufacturer's plant.

"(b) Maximum price; rebuilt and guaranteed secondhand machines and parts. The maximum price for any rebuilt and guaranteed *second-hand machine* or *part* shall be the higher of the following:

"(1) 85% of the new base price for such machine or part . . ." (Italics ours.)

■ Manifestly, the price of secondhand guaranteed items of machinery is to be eighty-five per cent of the price of the same items when sold new f.o.b. the manufacturer's plant. The exception to the method mentioned above will be found in § 1390.11 (e). That section, however, is made applicable only in cases where the machinery when sold new is sold on a delivered price basis only. In such cases, the secondhand price is to be eighty-five per cent of the new delivered price. That is, where there is a manufacturer's list price, or f.o.b. price, the secondhand price is to be determined on the basis of such price. Where there is no manufacturer's price, or f.o.b. price, the delivered prices are the basis for determination of the price. If there is a manufacturer's price and a delivered price, the secondhand price is to be determined on the basis of the manufacturer's price for the reason that the goods when new are not sold on a delivered price only.

Section 1390.11 (e) does not apply where the so-called delivered price is merely derived by the addition of freight charges to the manufacturer's price, for the reason that, in such cases, there is a manufacturer's price; that is, the goods are not sold on a delivered price basis only. There is in such cases no delivered price. The price of the goods is the manufacturer's price, and the total charge is to be computed simply by the addition of freight charges, which are not in fact a part of the price of the machinery.

A specialist in a machinery division of the office of price administration who had many years' experience in this field prior to his employment by the OPA, testified that, where there is a factory list price, the ceiling price is computed on a factory list price basis f.o.b manufacturer's plant, but, where there is none, the price is computed on the delivered basis.

■ The machinery involved herein was sold when new on a manufacturer's f.o.b. price basis. All of the machinery involved in the case at bar could be purchased f.o.b. manufacturer's plant and was not sold on a delivered price basis only; hence, § 1390.11 (e) is not applicable. The prices should have been computed in accordance with the above-

quoted § 1390.11 (3) (a), which is on the basis of the factory price. It follows that respondents paid prices which were in excess of the OPA ceiling prices, and as appellants agreed to accept only such ceiling prices, they received in excess of the amount they represented they would accept.

■ Appellants contend that their statements to respondents were only that the prices which they quoted were, in the opinion of appellant husband, OPA ceiling prices. The trial court was convinced and so found, which finding is sustained by substantial evidence, that Mr. Elliott stated as a fact and not as his opinion that the prices were OPA ceiling prices. The court was also of the view that those statements were knowingly false.

■ Appellants contend that such representations would be representations of law and not representations of fact, hence no claim of fraud can be based upon such misrepresentations.

The representations made by appellants were factual. They quoted specific prices for each item of machinery involved and represented to respondents that such prices were the OPA ceiling prices. The prices were not listed in any OPA law or regulation. The representations were statements as to the fact of price and were based upon questions of fact. The price was dependent upon the fact whether the various pieces of machinery were sold on an f.o.b. basis or on a delivered basis only, and upon factory list price of each item and upon certain computations to be made from the list prices.

■ We agree with counsel for respondents that the most that can be said for appellants' contention is that the representations were of mixed law and fact. It is well settled that representations of that nature may constitute the basis of an action for fraud. 23 Am. Jur. 812.

■■ Appellants contend that the trial court erred in admitting over their objection parol evidence as to conversations had between the parties prior to the execution of the bills of sale, reciting the fact of sale of machinery to respondents, and a letter agreement for the furnishing of supplemental parts. The parol evidence was to the effect

that respondents had agreed to pay and appellants had agreed to receive only the OPA ceiling prices for the machinery.

The rule excluding parol evidence affecting a written instrument does not apply when fraud is the gravamen of the action or defense. *Hobson v. Union Oil Co.*, 187 Wash. 1, 59 P. (2d) 929. The second cause of action is based on fraud, hence there was no error in admission of parol evidence in this connection. As the recovery under the second cause of action is the same amount as that noted in the first cause of action, there is no ground for reversal. If it be conceded that the admission of parol evidence constituted error with respect to the first cause of action, respondents would be entitled to recover the same amount under the second cause of action.

■ Nor was it error to admit parol evidence for consideration in connection with the first cause of action. If appellants' representations were not knowingly or constructively false, then appellants were mistaken. As respondents had no knowledge as to the OPA ceiling prices, all prices quoted on the bills of sale were the result of mutual mistake, and, in such cases, parol evidence is admissible to show the nature and extent of the mistake and to reform the writing so that it will express the true intent of the parties.

■ It will be presumed of course, that the parties did not intend to make agreements contravening OPA regulations. The bills of sale contained guaranty provisions required by OPA regulations, and the percentage figures used for the computations were those required by the OPA regulations. The parol evidence did not vary the terms of, but was consistent with, the writings. The rule is that parol evidence that does not vary the terms of a writing is admissible. If the writings did not disclose the purpose to sell the machinery at OPA ceiling prices, there was ambiguity which rendered admissible the parol evidence in question.

The judgment is affirmed.

MALLERY, C. J., SIMPSON, SCHWELLENBACH, and ABEL, JJ., concur.